Andrew W. Stavros (8615)
Michele Anderson-West (9249)
STAVROS LAW P.C.
11693 South 700 East, Suite 200
Draper, Utah 84020
Tel: (801) 758-7604
Fax: (801) 893-3573
andy@stavroslaw.com
michele@stavroslaw.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| JAY RITTER, | : | |
| | : | |
| Plaintiff, | : | COMPLAINT |
| v. | : | (and Jury Demand) |
| | : | |
| SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, | : | |
| | : | |
| | : | Case No. 2:17-cv-00334 BCW |
| Defendant. | : | Magistrate Judge Brooke C. Wells |

Plaintiff Jay Ritter, by and through his undersigned counsel, complains and alleges against Defendant Swift Transportation Company of Arizona, LLC ("Defendant") for violations of the Fair Labor Standards Act, 29 U.S.C. §201, et. seq. ("FLSA") for failing to pay Plaintiff overtime wages Plaintiff earned while working for Defendant.

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a resident of Salt Lake County, Utah.

2. Defendant is a freight delivery company organized under the laws of the State of Arizona, doing business in the State of Utah and throughout the United States.

1

3. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein, in the course and scope of their employment with and for Defendant.

4. This Court has original jurisdiction over Plaintiff's' FLSA claims pursuant to 29 U.S.C. §216(b) and 28 U.S.C. § 1331.

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

6. The preceding paragraphs are incorporated by reference as if fully set forth herein.

7. Defendant is a freight delivery company regulated by the U.S. Department of Transportation and engaged in commerce, as that phrase is used in the FLSA.

8. Defendant, at all relevant times herein, had annual gross sales in excess of $500,000.

9. In 2013, Defendant purchased Central Refrigerated Service.

10. Plaintiff worked for Central Refrigerated Service as a Road & Range Instructor from 2008 until the time Defendant purchased it in 2013.

11. When Defendant purchased Central Refrigerated Service, it hired Plaintiff to continue working as a Road & Range Instructor for Defendant.

12. At all relevant times herein, Plaintiff was an "employee" of Defendant, as that term is defined in the FLSA.

13. At all relevant times herein, Defendant was Plaintiff's "employer" as that term is defined in the FLSA.

14. Defendant changed Plaintiff's status and rate of pay from being "non-exempt", making $14.00 per hour to an "exempt" position making an annual salary of $38,000.00 per year, no matter how many hours Plaintiff worked per workweek.

15. Defendant did not change Plaintiff's job description from that he held with Central Refrigerated Services.

16. In performing his job duties, Plaintiff used very little discretion and independent judgment.

17. Plaintiff followed Defendant's policies and procedures regarding overseeing and administering upgraded road driving evaluations, which eliminated the need and opportunity to utilize independent judgment and discretion.

18. Plaintiff did not have supervisory duties or responsibilities and did not create Defendant's policies or procedures.

19. Plaintiff did not spend more than 10% of his time exercising any independent judgment, decision making, or discretion.

20. Plaintiff's work required *de minimis* amounts of discretion or independent judgment.

21. Plaintiff's duties, while working for Defendant, did not include managing an office of Defendant.

22. Plaintiff's duties did not include managing any of Defendant's departments or subdivisions.

23. Plaintiff's duties did not include customarily or regularly directing the work of other full-time employees.

24. Plaintiff's duties did not include the authority to hire or fire other employees.

25. Plaintiff's duties did not include making suggestions or recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees.

26. Plaintiff's duties did not require knowledge of an advanced type in a field of service or learning customarily acquired by a prolonged course of specialized instruction and study.

27. Plaintiff did not have an administrative role with Defendant.

28. Plaintiff was tasked with routine assignment of administering and overseeing upgraded driving evaluations, pursuant to Defendant's established policies and procedures.

29. The work performed by Plaintiff was "non-exempt" work, as that term is used and defined in the U.S. Department of Labor's regulations promulgated under the FLSA.

30. Throughout his employment with Defendant, Plaintiff was repeatedly and routinely required to work more than 40 hours per given workweek.

31. Plaintiff was entitled to be paid at least one and one-half of his respective regular rates of pay for each hour in excess of 40 hours that he worked in any given workweek pursuant to the FLSA, 29 U.S.C. §207.

32. Plaintiff was not paid one and one-half times his regular work rate for any hours that he worked in excess of 40 hours per workweek.

33. Defendant misclassified Plaintiff as "exempt" to avoid paying him full-wages to which he was entitled under the FLSA.

34. Defendant systematically failed or refused to keep adequate time records for Plaintiff in violation of the FLSA and therefore, Plaintiff may establish the hours worked by his own records and testimony.

## CAUSE OF ACTION
*Failure to Pay Overtime Compensation in Violation of the FLSA, 29 U.S.C. §216*

35. The preceding paragraphs are incorporated by reference as if fully set forth herein.

36. At all relevant times herein, Defendant was an "employer" within the meaning of the FLSA.

37. Defendant engages in interstate commerce for purposes of FLSA and has experienced annual gross sales in excess of $500,000 at all times relevant to this action.

38. At all relevant times herein, Defendant was responsible for paying wages to Plaintiff.

39. At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of the FLSA.

40. Under the FLSA, an employer must pay a "non-exempt" employee at least one and one-half times his or her regular rate of pay for each hour worked in excess of 40 hours per workweek.

41. Plaintiff was a "non-exempt" employee, entitled to overtime wages of one and one-half times his regular hourly rate for each hour he worked in excess of 40 hours in a given workweek.

42. Plaintiff worked more than 40 hours per week the majority of the time and was entitled to overtime compensation.

43. Plaintiff was never paid such overtime wages, in violation of the FLSA.

44. Defendant misclassified Plaintiff as an "exempt" employee to avoid paying overtime compensation.

45. Plaintiff has been damaged by Defendant's failure to compensate him for overtime wages earned while working for Defendant.

46. Defendant owes Plaintiff the unpaid overtime wages he earned, plus an equal amount as liquidated damages mandated by the FLSA.

47. As a result of Defendant's violations of the FLSA, Plaintiff is entitled to recover all reasonable attorneys' fees and costs in bringing this action.

48. As a result of Defendant's violations of the FLSA, Plaintiff is entitled to awards of pre-judgment interest, post-judgment interest, punitive damages and all other damages recoverable under the provisions of the FLSA.

## JURY DEMAND

49. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial before a jury.

## CONCLUSION & REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

a. Enter final judgment in favor of Plaintiff for unpaid overtime wages in an amount to be proven at trial;

      b.      Enter final judgment in favor of Plaintiff for liquidated damages in an amount equal to the aggregate underpayment of overtime wages as proven at trial;

      c.      Enter final judgment in favor of Plaintiff and against Defendant ordering reimbursement for all costs and expenses incurred in bringing and prosecuting this case, including reasonable attorneys' fees and costs;

      d.      Enter a final judgment awarding prejudgment on all unpaid overtime wages;

      e.      Enter a final judgment awarding post-judgment interest at the applicable statutory rate;

      f.      Award such other relief as the Court deems just and equitable.

RESPECTFULLY SUBMITTED this 1st day of May, 2017.

                                      /s/ Michele Anderson-West
                                      *Attorneys for Plaintiff*